UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**800 CREDIT HOTLINE, INC.,**

    **Plaintiff,**

vs.                                            Case No. 8:04-CV-1753-T-27TBM

**LIBERTY FORD,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Supplemental and Renewed Motion for Order Holding Defendant in Contempt for Violation of Preliminary Injunction and Supporting Memorandum (Dkt. 45) and Defendant's Response (Dkt. 49). Upon consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Supplemental and Renewed Motion for Order Holding Defendant in Contempt for Violation of Preliminary Injunction and Supporting Memorandum (Dkt. 45) is DENIED. Plaintiff's related Motion for Order to Show Cause (Dkt. 37) was previously granted (Dkt. 51) and after hearing oral argument on the issue, this Court found that Defendant violated the Preliminary Injunction by airing an infomercial that utilized or reproduced matter "derived" from Plaintiff's infomercial. (Dkt. 59). In connection with the hearing, the Court reviewed the allegedly infringing infomercial and Plaintiff's infomercial. After a comparison of the two infomercials submitted, this Court concluded that Defendant's reproduction did not extend to elements of Plaintiff's protected expression. Therefore, while Defendant's conduct constituted a violation of the Preliminary Injunction, it did not amount to infringement under the Copyright Act.

(Dkt. 59).

Presently, via its "Supplemental and Renewed Motion", Plaintiff contends Defendant committed another violation of the Preliminary Injunction by airing a second infomercial. Plaintiff also seeks an order holding Defendant in contempt. Plaintiff did not, however, submit a copy of a second allegedly infringing infomercial in connection with its supplemental motion or at the hearing on its Motion for Order to Show Cause. The Declaration of Bianca Robinson and her comparison of Plaintiff's infomercial and the alleged infringing infomercial is insufficient, as the Court cannot conclusively determine whether there has been a violation of the injunction without viewing the alleged infringing infomercial. This Court previously determined that Defendant's production and broadcast of an infomercial that utilized or reproduced matter "derived" from Plaintiff's infomercial constituted a violation of the Preliminary Injunction and Plaintiff was awarded attorneys' fees and costs. (Dkt. 59). At this juncture, a finding of contempt is not warranted.

**DONE AND ORDERED** in chambers this $17^{TL}$ day of May, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record